UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>ANTHONY MASTANDUNO,<br><br>Defendant. | DOCKET NO. 1:23-cr-434 (TSC)<br><br>**DEFENDANT'S REPONSE IN OPPOSITION TO THE GOVERNMENT'S REQUEST FOR RESTITUTION** |

The defendant, Anthony Mastanduno, submits the following response in opposition to the Government's request for restitution. Dkt. No. 58. The Government requests a sum of $2,000 to be paid to the Architect of the Capitol, along with another $2,174.17 to be paid to Capitol Police Officer T.C. for the time he was "forced" to take off during 2021.[1] To be clear, it is Mastanduno's position that this Court should not award any restitution in this matter.[2] This Court should not hold him financially

---

[1] In its original Sentencing Memorandum (Dkt. No. 43), the Government requested $2,000 for property damage to the Capitol and said nothing regarding T.C.'s individual restitution request for **$150,000** contained in the victim impact statement.

[2] In its Supplemental Sentencing Memorandum (Dkt. No. 58), the Government incorrectly suggests that Mastanduno tacitly agrees to the $2,000 amount sought for the property damage to the Capitol. *See* Dkt. No. 58 ("[Mastanduno] did not appear to object to the government's requested $2,000 restitution amount in his sentencing memorandum (ECF 45)."). This is flatly incorrect. In the Defendant's Sentencing Memorandum, defense counsel expressly incorporated objections to the Presentence Report by reference on the very first page. *See* Dkt. No. 45 at 1 ("Mastanduno stands by his objections and incorporates them by reference."); Dkt. No. 41 at 13 (PSR Objection No. 9 - "Restitution") ("the MVRA does not authorize restitution to the Architect of the Capitol."). Mastanduno has maintained this position throughout sentencing.

1

liable for property damage because he did not damage any property at the Capitol whatsoever. This Court should not award restitution to T.C. because the Government has not carried its burden in demonstrating by a preponderance of the evidence that Mastanduno's conduct proximately caused the harm that T.C. claims (28 days of missed work during 2021).

### Restitution Awards Must Be Based on Individualized Causation

The MVRA only authorizes restitution when a victim is "directly and proximately harmed" by the defendant's commission of the offense. 18 U.S.C. § 3663A(a)(2). In *Paroline v. United States*, 572 U.S. 434, 448 (2014), the Supreme Court ruled that restitution must be awarded "only to the extent the defendant's offense proximately caused a victim's losses." *Id*. To establish the requisite nexus between an offender's conduct and the resulting harms requires proof that "the former event caused the latter[,]" that is the "cause in fact" or "actual cause." *Id*. at 444. Secondly, the harm must be one that is sufficiently connected to the underlying event for it to be reasonably foreseeable. *Id*.

### Property Damage Claim

With respect to the $2,000 property damage claim, the analysis is simple. Mastanduno is not liable for property damage he did not cause nor contribute to. He did not damage any property. Nor did he encourage others to do so. Accordingly, the Government cannot clear the "cause in fact" hurdle with respect to the property damage to the Capitol.

The Government's reliance on *Paroline* for its flexible aggregate group harm

theory is misplaced. *Paroline* involved how to calculate restitution for an individual defendant, like Mr. Paroline, who along with other child pornography consumers, possessed illicit images of a known victim for their own personal pleasure. This type of continual consumption causes perpetual harm to victims of child pornography, who know the vivid portrayals of their abuse will be forever accessible on the internet. In *Paroline*, there was never any dispute over whether child pornography consumers like Mr. Paroline contributed to the harm suffered by victims. The dispute involved how to apportion and calculate loss amounts under a proximate cause standard given the difficulties of quantifying the harm and the "defendant's relative causal role." *Id*. at 460.

This marks the difference between *Paroline* and in the instant case. Here, unlike Mr. Paroline who contributed to an actual harm by possessing child pornography, Mastanduno did not cause nor contribute to any property damage to the Capitol building or grounds. To the extent *Paroline* lends support for the Government's aggregate harm theory for January 6 defendants, it should be limited to those defendants who caused some type of property damage. Because Mastanduno's actions were not the cause in fact for the damages to the physical property of the Capitol, this Court should decline to impose restitution for such damages.

**Officer T.C.'s Claim**

The Government argues that Mastanduno should be required to pay $2,174 to Officer T.C to compensate him for the 28 days of work he missed in 2021 purportedly due to the impact January 6 had on him. To arrive at this figure, the Government claims that Mastanduno is responsible for 1/4 of the time T.C. took of work during the entire calendar year of 2021, which includes leave from work taken from February 2021 through December 2021—including 6 consecutive days off work in August 2021. According to the Government, T.C. endured eight distinct attacks on January 6, two of which involved Mastanduno, therefore Mastanduno is responsible for 2/8ths or 1/4 of the harm done to T.C.

In support of this claim, the Government has submitted a summary chart detailing T.C.'s missed workdays during 2021, along with his bare assertion that "pretty much" each one of those days off work were related to the events of January 6. *See* Dkt. No. 58. That is all. They have not submitted any other materials to back up this claim. They ask this Court to find that every single day of leave T.C. took during 2021, whether as sick leave, annual leave, or time off award was directly due to the events of January 6. Stated differently, the Government and T.C. essentially claim that he would not have taken a single day of leave during 2021 but for his experiences on January 6.

Mastanduno asks this Court to closely scrutinize the Government's summary chart along with what they offer it for. According to the summary chart, T.C. took 60 hours of leave in August 2021, all of which were directly related to the events of

4

January 6. Yet the Government offers no additional documentation in support of its claim that these 60 hours—eight months later—were related to January 6. They ask this Court to require Mastanduno to compensate T.C. for a portion of every day of work he missed throughout the entire calendar year of 2021, including six consecutive days in August, along with several days in November and December, based on the unadorned claim that each one of these intermittent days off work was caused by the events of January 6. To the extent these dates relate to January 6 at all, such relation is far too attenuated to be considered a reasonably foreseeable consequence of Mastanduno's actions.

Without additional supporting evidence, Mastanduno maintains that this summary chart along with T.C.'s bare claim that all of these days off work—from February 2021 through December 2021—were all related to January 6 is insufficient evidence by itself to merit a restitution award, even by a preponderance standard. Moreover, the fact that T.C. originally requested this Court to order Mastanduno to pay $150,000 in damages further calls into question both the legitimacy and scale of his claims. *See* Dkt. No. 48 (Declaration of Victim Loss Statement).

Moreover, the Government's 2/8ths theory is at odds with T.C.'s own words. During his June 4, 2021, FBI interview, T.C. said that while he was "injured by the rioter with the shield, he believed he sustained the most injury from the baseball bat." Yet the Government fails to mention the baseball bat attack at all in its recitation of the "eight attacks" on T.C. *See* Dkt. No. 58 at p. 12, n. 5 (description of eight attacks). It seems obvious that the attack that caused the "most injury" should be factored into

any type of apportionment analysis.  The Government's methodology also involves tallying the "attacks" in an inconsistent manner that unduly amplifies the impact of Mastanduno's conduct on T.C.  According to the Government, attack #1 involves Mastanduno throwing a single object (a pole) that strikes T.C.'s shield. Dkt. No. 58, p. 12, n. 5.  Here, one object equals one attack.  But attack #2 involves another "rioter … violently throwing various objects." *See id*.  So, according to the Government, Mr. Mastanduno's single act of throwing an object constitutes one unit of attack for restitution purposes.  But another rioter throwing multiple objects is also responsible for only one single attack unit.  Meanwhile, the baseball bat attack is not accounted for at all.  This type of selective counting unduly exaggerates Mastanduno's contribution to any harm suffered by T.C.  It is both reductive and unsupported by the evidence to claim that T.C. suffered eight—and only eight—attacks, and that Mastanduno is responsible for two of them.

The one-page summary chart of T.C.'s 2021 leave along with the Government's conclusory claim that each of these days off work are attributable to the events of January 6 is not supported by adequate evidence.  Nor is there adequate evidence that Mastanduno's conduct, which at most, included brief and minimal contact between Mastanduno's baton and/or mop handle and T.C.'s riot shield, directly and proximately caused the stated harm, i.e., missed days of work throughout 2021.  Even if they clear the cause in fact hurdle, is not reasonably foreseeable that Mastanduno's *de minimus* contact with T.C. would cause him to miss multiple days of work 8, 9, 10, and 11 months later.  Accordingly, the Government cannot establish the

foreseeability prong of the proximate cause analysis.

## Conclusion

Mastanduno did not damage any property at the Capitol on January 6. So regardless of whatever other punishment is fair and just in this matter, he should not be stuck with a bill for damage he did not cause or contribute to. With respect to T.C., the Government's claims are too tenuous, speculative, unprincipled, and unsupported by actual evidence for this Court to impose a reasonable and proportional restitution award on. Accordingly, Mastanduno requests that this Court impose no restitution in this matter.

Dated: August 6, 2024     Respectfully Submitted,

s/**Rhett H. Johnson**
Rhett Hunter Johnson
W.Va. Bar #12114
N.C. Bar #35365 (inactive)
Assistant Federal Public Defender
Federal Public Defender for the
Western District of North Carolina
1 Page Avenue, Suite 210
Asheville, NC 28801
Phone: (828) 232-9992
Fax: (828) 232-5575
E-Mail: Rhett_Johnson@fd.org